47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sandra J. KATELANSKY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 94-3607.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1995.
 
 Before RICH, NIES, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Sandra J. Katelansky petitions for review of the final decision of the Merit Systems Protection Board (Board) in Docket No. DA-1221-94-0155-W-1, dismissing her individual right of action appeal for lack of jurisdiction. The initial decision of the administrative judge became the final decision of the Board when the full Board denied a petition for review on July 22, 1994. We affirm.
 
 DISCUSSION
 
 2
 Petitioner was discharged during the probationary period of her employment as a GS-7 Social Work Associate in the Veterans Administration Medical Center in Houston, Texas (agency). The agency stated that her discharge was because her overall conduct and performance had been unacceptable.
 
 
 3
 Petitioner brought an individual right of action under 5 U.S.C. Sec. 1221(a) (Supp. I 1989), asserting that her discharge was wrongful because it was taken in reprisal for her whistleblowing activities.[1] The Whistleblower Protection Act of 1989, Pub.L. No. 101-12, Sec. 4, 103 Stat. 32, prohibits the taking of a personnel action because of any disclosure of information by an employee which the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. Sec. 2302(b)(8) (Supp. I 1989). Petitioner's alleged disclosures, which provide the basis for her Whistleblower Protection Act claim, all relate to the treatment of patients by agency physicians. In particular, petitioner claims to have disclosed to agency officials the following: (1) that she learned from a patient's daughter that agency physicians desired to discharge the patient against the family's wishes; (2) that a patient was roughly treated by agency physicians while having a cast removed; and (3) that a patient complained to her that he was receiving "poor quality care."
 
 
 4
 The Board dismissed for lack of jurisdiction. The Board based its decision upon the following independently sufficient grounds: (1) petitioner's failure to prove that the alleged disclosures were "protected", given that petitioner failed to establish that she reasonably believed the disclosures evidenced violations of law, rule or regulation, gross mismanagement, gross waste of funds, abuses of authority, or substantial and specific dangers to public health or safety; (2) petitioner's failure to prove that the alleged disclosures were a contributing factor in the action taken by the agency; and (3) the finding that the agency would have taken the same action even in the absence of the alleged disclosures.
 
 
 5
 We review a Board decision under a narrow standard, and must affirm unless the decision is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938).
 
 
 6
 Petitioner advances various arguments in her brief, but makes no argument with respect to the Board's finding that she failed to establish one of the necessary elements of a whistleblowing claim--namely, that she reasonably believed her disclosures evidenced violations of law, rule, or regulation, gross mismanagement, gross waste of funds, abuses of authority, or substantial and specific dangers to public health or safety. 5 U.S.C. Sec. 2302(b)(8); 5 C.F.R. Sec. 1209.4(b) (1994). This deficiency in petitioner's claim, in and of itself, justifies the Board's decision. The Board carefully looked at each of the three claimed incidents of patient abuse. It found that petitioner had not established, with respect to any one of the incidents, that it was the type of conduct the disclosure of which would be "protected" under the Whistleblower Protection Act. Initial Decision at 5-6. The Board's decision in this regard is supported by substantial evidence and is not tainted by legal error.
 
 
 
 [1]
 Because she is a probationary employee, petitioner has limited grounds upon which she is able to obtain Board review of the agency's discharge decision. See 5 U.S.C. Sec. 7511 (1988); 5 C.F.R. Sec. 315.806(b) (1994). Under 5 U.S.C. Sec. 1221(a), a probationary employee may assert a private right of action which is based upon a prohibited personnel practice described in 5 U.S.C. Sec. 2302(b)(8) (Supp. I 1989)
 Petitioner attempts to claim that her discharge was also in reprisal for making a claim of sexual discrimination, which is a personnel practice prohibited under 5 U.S.C. Sec. 2302(b)(9) (Supp. I 1989). The Board has no authority to hear this claim, however. See 5 U.S.C. Sec. 1221(a). We note that petitioner has been afforded, and has used, other avenues--namely, the Equal Employment Opportunity Commission and United States district court--to have her discrimination claim, as well as the claim of reprisal for making the discrimination claim, heard.